IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES WATSON,

    **Plaintiff,**

    v.                                          CASE NO. 22-3056-SAC

DAN SCHNURR, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and entered a Memorandum and Order ("M&O"; Doc. 3) finding that the Complaint should be dismissed for failure to state a claim. The Court dismissed the case. (Docs. 3, 4.) This matter is before the Court on Plaintiff's motions requesting a 30-day extension to file a motion to reconsider (Docs. 5, 6) and Plaintiff's Motion to Reconsider (Doc. 6-1).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court cannot extend the time to act under Rule 59(e). *See* Fed. R. Civ. P. 6(b)(2). Therefore, Plaintiff's motions requesting an extension of time to file a motion to reconsider are denied to the extent Plaintiff intended to file a motion to alter or amend judgment under Rule 59(e). However, the Court will treat Plaintiff's motion to reconsider as a motion under Rule 60(b) and finds the motion is timely under that rule.

Under Rule 60(b), a party may move for relief "from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

Mr. Watson states that he believes the Court misunderstood or misapplied the facts of the case. As Plaintiff's motion does not support relief under any other provision, the Court considers Plaintiff's motion under Rule 60(b)(6)—allowing for relief from a final judgment for "any other reason that justifies relief."

"Rule 60(b)(6) has been described by [the Tenth Circuit] as a grand reservoir of equitable power to do justice in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (quotations omitted). It should be reserved for "extraordinary circumstances." *Id.* In *Van Skiver,* the Tenth Circuit held that the pro se plaintiffs had not shown "any of the exceptional circumstances warranting relief under Rule 60(b)" where their motion simply "reiterated the original issues raised in their [earlier pleadings] and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." *Id.; Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). And, "a Rule 60(b)

2

motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Lebahn*, 813 F.3d at 1306.

Plaintiff makes four arguments for why his motion should be granted. First, he argues that the Court did not address Plaintiff's argument that IMPP 04-103 forces him to make a will but Kansas regulations prohibit him from doing so, thus depriving him of his property.

This argument has no merit. Kansas has an intestate succession statute essentially providing a will for those who die without one. *See* K.S.A. 59-501, et seq. If Plaintiff in fact has no relatives who would benefit from his estate under the intestate succession statute, or if he does not like the distribution provided under the statute, he can execute a will directing that the forced savings be distributed to whomever he names. Plaintiff argues that inmates cannot make wills because K.A.R. 44-12-209 prohibits inmates from entering into contracts without approval. However, a will is not a contract, making 44-12-209 inapplicable.

Next, Plaintiff argues that the forced savings policy is too broad and deprives Plaintiff and similarly situated inmates of property without a legitimate penological goal. Plaintiff previously made this argument, and the Court rejected it in the M&O dismissing the case. Plaintiff simply reiterates the original issues and challenges the legal correctness of the judgment by arguing the Court misapplied the law and misunderstood his position, which does not warrant relief under Rule 60. *See Van Skiver*, 952 F.2d at 1244. Furthermore, Plaintiff ignores the State's legitimate interest in regulating the flow of currency within the prison system and the fact that his forced savings may be used to pay a garnishment and for the payment of civil filing fees in certain circumstances. *See Ellibee v. Simmons*, 85 P.3d 216, 217 (Kan. App. 2004).

Plaintiff's third argument is that the Court did not address the issue of deprivation of interest on forced savings. Plaintiff is incorrect. On page 5 of the M&O, the Court states that

Plaintiff complains that the policy includes earning little or no interest and assesses a service fee on the account. "Watson's complaint about the interest and service fee simply looks at more details with KDOC's implementation of IMPP 04-103 and does not address any different taking in kind or nature than that already alleged with the forced savings account." (M&O, at 5).

Last, Plaintiff argues that the forced savings policy operates as an ex post facto violation. This was also addressed by the Court in the M&O. (M&O, at 7-8).

Plaintiff's Rule 60(b) motion reiterates the same assertions that were raised and rejected previously in this case. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6). *See Whitmore v. Mask*, 612 F. App'x 501, 504 (10th Cir. 2015). Mr. Watson has not raised any facts or issues that are so "unusual or compelling" that extraordinary relief is warranted or that it would offend justice to deny such relief. *See Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 580 (10th Cir. 1996). Therefore, his motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motions (Docs. 5, 6) requesting an extension of time to file a motion to reconsider under Rule 59(e) are **denied**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Reconsider (Doc. 6-1) is considered by the Court as a motion for relief from judgment under Rule 60 and is **denied**.

**IT IS SO ORDERED.**

DATED: This 25th day of August, 2022, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U.S. Senior District Judge**